UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CAROLYN LUBY, KYLIE ANGELL, ERICA DANIELS, ROSEMARY RICHI, and SILVANA MOCCIA, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| UNIVERSITY OF CONNECTICUT, | ) ) |
| Defendant. | ) ) ) |

CIVIL ACTION NO.:
3:13-cv-1605 (MPS)

May 9, 2014

## ANSWER AND AFFIRMATIVE DEFENSES OF THE UNIVERSITY OF CONNECTICUT TO PLAINTIFFS' SECOND AMENDED COMPLAINT

The University of Connecticut ("University" or "UConn") respectfully submits this Answer and Affirmative Defenses to the Second Amended Complaint of Plaintiffs Carolyn Luby ("Luby"), Kylie Angell ("Angell"), Erica Daniels ("Daniels"), Rosemary Richi ("Richi"), and Silvana Moccia ("Moccia") dated April 25, 2014. Any allegation not explicitly admitted herein is expressly denied by the University. For ease of reference, the University has included in this Answer the section headings from the Second Amended Complaint. To the extent statements made in the section headings in the Second Amended Complaint are in any way construed as allegations in support of the Plaintiffs' claims, those allegations are expressly denied.

## I.  NATURE OF THE ACTION

1.    The University admits that Plaintiffs' claims purport to arise under the statutes cited. To the extent Paragraph 1 can be construed to contain a factual allegation, it is hereby denied.

## II.  PARTIES

2.    The University admits the allegations of Paragraph 2 upon information and belief.

3.    The University admits the allegations of Paragraph 3 upon information and belief.

4.    The University admits the allegations of Paragraph 4 upon information and belief.

5.    The University admits the allegations of Paragraph 5 upon information and belief.

6.    The University admits the allegations of Paragraph 6 upon information and belief.

7.    The University admits the allegations of Paragraph 7.

**III.    JURISDICTION AND VENUE**

8.    The University admits this Court has jurisdiction over the Plaintiffs' claims. To the extent that Paragraph 8 can be construed in any way to contain a factual allegation, it is hereby denied.

9.    The University admits venue is proper within this District. To the extent that Paragraph 9 can be construed in any way to contain a factual allegation, it is hereby denied.

**IV.    EXHAUSTION OF ADMINISTRATIVE REMEDIES**

10.    The University admits Ms. Luby filed a complaint with the CHRO and EEOC which purported to allege claims of sex discrimination and retaliation. The University denies these complaints were filed in a timely manner as to all the allegations contained therein.

11.    The University admits Ms. Luby received a Release of Jurisdiction from the CHRO dated January 28, 2014, and that the Second Amended Complaint was filed within 90 days of the Release of Jurisdiction. The University lacks sufficient information upon which to admit or deny the remaining allegations in Paragraph 11, and therefore, leaves Ms. Luby to her proof.

12.    The University admits Ms. Daniels filed a complaint with the CHRO and EEOC which purported to allege claims of sex discrimination and retaliation. The University denies these complaints were filed in a timely manner.

13. The University admits Ms. Daniels received a Release of Jurisdiction from the CHRO dated January 28, 2014, and that the Second Amended Complaint was filed within 90 days of the Release of Jurisdiction. The University lacks sufficient information upon which to admit or deny the remaining allegations in Paragraph 13, and therefore, leaves Ms. Daniels to her proof.

## V. FACTUAL AVERMENTS (CAROLYN LUBY)

### A. Ms. Luby Experiences that UConn is Indifferent to Sexual Violence Against Its Female Students.

14. The University admits the allegations in Paragraph 14.

15. The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 15, and therefore, leaves Plaintiff to her proof.

16. The University admits the allegations in Paragraph 16.

17. The University admits that Ms. Luby reported to a Hall Director that she thought she had been drugged at an off-campus party and was transported to the hospital. The University denies the remaining allegations of Paragraph 17 as alleged.

18. The University admits the allegations in Paragraph 18.

19. The University admits the allegations in Paragraph 19.

20. The University denies the allegations in Paragraph 20.

21. The University admits, upon information and belief, that Ms. Luby spent approximately eight (8) hours in a hospital in Granada and was diagnosed with gastritis. The University denies the remaining allegations of Paragraph 21 as alleged.

22. The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 22, and therefore, leaves Plaintiff to her proof, except the University

3

denies any inference that the actions of any of its employees in any way should have caused Ms. Luby to reasonably fear "being sent home" as a result of reporting the described incident.

23.     The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 23, and therefore, leaves Plaintiff to her proof, except the University denies any inference that the actions of any of its employees in any way should have caused Ms. Luby to reasonably fear "being sent home" as a result of reporting the described incident.

24.     The University admits that two incidents were reported to the Resident Director during the 2012 spring semester in Granada, Spain, but denies that it failed to take action in response to these reports. The University lacks sufficient information upon which to admit or deny the remaining allegations in Paragraph 24, and therefore, leaves Plaintiff to her proof

25.     The University denies that Ms. Luby or the other students submitted materials to Dr. Hast or to UConn Study Abroad for its review. The University lacks sufficient information upon which to admit or deny the motivation of the students for contacting Dr. Hast regarding this project. The University admits the remaining allegations of Paragraph 25.

26.     The University denies the allegations in Paragraph 26 as alleged.

27.     The University admits that Dr. Hast was a mandatory reporter of allegations which came within the scope of the University's Sexual Assault Response Policy ("SARP"), but denies that information shared with Dr. Hast during this meeting on October 19, 2012 required her to make a report pursuant to the SARP. The University denies the remaining allegations of Paragraph 27 as alleged.

28.     The University denies the allegations in Paragraph 28 as alleged.

29.     The University denies that Dr. Hast made any promise to the students.   The University denies the remaining allegations of Paragraph 29 as alleged.

30.     The University denies the allegations in Paragraph 30.

**B.** **Ms. Luby's Open Letter About Sexual Violence at UConn Results in Violent Threats, Including Threats of Rape, Against Ms. Luby, to which the University Exhibits Indifference.**

31.    The University admits a letter authored by Ms. Luby and addressed to UConn President Herbst was published on The Feminist Wire. The remaining allegations in Paragraph 31 are denied, including a denial of any inference this letter was sent directly to the President.

32.    The University denies the allegations in Paragraph 32, and submits that the letter written by Ms. Luby speaks for itself.

33.    The University admits that Barstool Sports, a website not affiliated with or controlled by UConn, posted Ms. Luby's "open letter" to President Herbst. The comments posted on the website by unknown or unidentifiable individuals speak for themselves. The University lacks sufficient information upon which to admit or deny the remaining allegations in Paragraph 33, and therefore, leaves the Plaintiff to her proof.

34.    The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 34, and therefore, leaves the Plaintiff to her proof.

35.    The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 35, and therefore, leaves the Plaintiff to her proof.

36.    The University admits that Professor Turcotte advised Ms. Luby to report the incident to the police, and that Ms. Luby went to the UConn Police Department on or about April 25, 2013. The University lacks sufficient information upon which to admit or deny the remaining allegations in Paragraph 36, and therefore, leaves the Plaintiff to her proof.

37.    The University admits that Ms. Luby went to the UConn Police Department on or about April 25, 2013 and reported concern for her safety due to comments posted on Barstool Sports. The University denies the remaining allegations in Paragraph 37 as alleged.

38.     The University admits that Ms. Luby was interviewed by the UConn police, but lacks sufficient information upon which to admit or deny the remaining allegations in Paragraph 38, and therefore, leaves the Plaintiff to her proof.

39.     The University admits that the UConn Police Officer with whom Ms. Luby met reviewed the comments posted on Barstool Sports to ascertain whether any were threatening in nature, concurred with Ms. Luby that none could be considered direct threats and advised Ms. Luby to contact 911 immediately if she felt threatened in any way. The University denies the remaining allegations in Paragraph 39.

40.     The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 40, and therefore, leaves the Plaintiff to her proof.

41.     The University admits that on April 26, 2013 UConn's Title IX Coordinator and the Director of UConn's Office of Community Standards met with Ms. Luby and Heather Turcotte, and that during this meeting Ms. Luby was advised that President Herbst had been told of her allegations. The University denies the remaining allegations in Paragraph 41.

42.     The University denies the allegations of Paragraph 42 as alleged.

43.     The University denies the allegations in Paragraph 43 as alleged.

44.     The University admits that Lieutenant Vargas advised and encouraged Ms. Luby to contact Troop C if she experienced any incidents, threats or harassment at her off-campus apartment. The University denies the remaining allegations in Paragraph 44.

45.     The University lacks sufficient information upon which to admit or deny the allegations of Paragraph 45, and therefore, leaves the Plaintiff to her proof.

46.     The University admits that Ms. Luby's letter was reported in the press as alleged, but lacks sufficient information upon which to admit or deny the remaining allegations in paragraph 46, and therefore, leaves the Plaintiff to her proof.

47.     The University admits the allegation regarding President Herbst's April 22 announcement, and denies the remaining allegations in Paragraph 47.

48.     The University denies the allegations in Paragraph 48 as alleged.

49.     The University admits that a petition was posted at some point on the change.org website, and denies the remaining allegations of Paragraph 49.

50.     The University denies the allegations in paragraph 50.

### C.      Instead of Taking Measures to Protect Ms. Luby, the University Retaliates Against Her for Speaking Out.

51.     The University admits that President Herbst spoke to a small group of students, staff and faculty on May 7, 2013 during an organized "Silent Protest," that part of her speech contained the quotes alleged, and that she advised them they could bring concerns directly to her. The University denies the remaining allegations in Paragraph 51.

52.     The University denies the allegations in Paragraph 52.

53.     The University admits that the Daily Campus, a student fee-funded organization, published an article containing the above-referenced quote from Ms. Luby.

54.     The University denies the allegations in Paragraph 54.

55.     The University denies the allegations in Paragraph 55 as alleged.

56.     The University admits that Ms. Luby worked for the UConn Financial Aid Office and the Women's Center during the summer of 2013. The University lacks sufficient information upon which to admit or deny the remaining allegations in this Paragraph 56, and therefore, leaves Plaintiff to her proof.

57.     The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 57, and therefore, leaves Plaintiff to her proof.

### D. Ms. Luby Sustains Damages.

58. The University denies the allegations in paragraph 58, except the University lacks sufficient information upon which to admit or deny the reasons why Plaintiff was unable to participate in activities as alleged, and therefore, leaves the Plaintiff to her proof.

59. The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 59, and therefore, leaves Plaintiff to her proof.

60. The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 60, and therefore, leaves Plaintiff to her proof.

61. The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 61, and therefore, leaves the Plaintiff to her proof.

## VI. FACTUAL AVERMENTS (Kylie Angell)

### A. Ms. Angell Is Raped by a Fellow UConn Student, and the University Fails to Advise Her of the Resources and Options Available to Her.

62. The University admits that in July 2010 Ms. Angell worked for UConn as a Residential Life Summer Conference Supervisor and lived in a UConn dormitory provided in connection with her employment. The University lacks sufficient information upon which to admit or deny the remaining allegations in Paragraph 62, and therefore, leaves Plaintiff to her proof, except that the University admits that after a disciplinary hearing conducted by the UConn Office of Community Standards, a UConn student was found "responsible" for the charge of "sexual misconduct."

63. The University admits that Ms. Angell spoke with the UConn Health Education Coordinator at or about the time alleged in Paragraph 63. The University denies the remaining allegations in Paragraph 63, including the allegation that Ms. Angell reported a rape at that time.

64.     The University admits that one of the resources provided to Plaintiff was a referral to Planned Parenthood for testing and services, because it was open after hours. The University denies the remaining allegations in Paragraph 64.

65.     The University denies the allegations in Paragraph 65, including the allegation that Plaintiff reported a rape or sexual assault at that time.

66.     The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 66, and therefore, leaves Plaintiff to her proof.

67.     The University admits that Ms. Rodman Jenkins, the Violence Against Women Prevention Program's [VAWPP] program director, spoke with Ms. Angell. The University lacks sufficient information upon which to admit or deny how Plaintiff felt, and therefore, leaves Plaintiff to her proof. The University denies the remaining allegations of Paragraph 67, including any allegation that Ms. Angell reported a rape at that time.

68.     The University admits that Ms. Angell met with Ms. Cinnamon Adams. The University denies the remaining allegations in paragraph 68.

### B.     The Hearing Conducted by the University Results in Multiple Findings Against Ms. Angell's Rapist.

69.     The University admits that the Office of Community Standards conducted a hearing on October 20, 2010, resulting in a finding that the accused student was "responsible" on charges of Harming Behavior; Sexual Misconduct; Endangering Behavior, Violation of Policy on Alcohol and Drugs; and Entry/Presence in University owned buildings or property without authorization, and denies the remaining allegations in Paragraph 69.

70.     The University admits that UConn informed Ms. Angell of the results of the hearing, which included expulsion, and further admits that a no-contact order had been in place

prior to the hearing that prohibited Ms. Angell and the accused student from contacting each other directly or indirectly, and denies the remaining allegations in Paragraph 70.

71. The University admits that Ms. Angell read an Impact Statement prior to the issuance of any sanction against the student-respondent, but denies that she relied upon any representations of the University in making the statement. The University lacks sufficient information upon which to admit or deny the remaining allegations in Paragraph 71, and therefore, leaves Plaintiff to her proof.

### C. UConn Allows Ms. Angell's Rapist Back on Campus Without Notifying Her, and the University, along with the UConn Police, Respond to Her Resulting Trauma With Indifference.

72. The University admits that Plaintiff was in the Northwest Dining Hall on November 1, 2010 and that it has a seating capacity of at least 400 people. The University lacks sufficient information upon which to admit or deny the remaining allegations in Paragraph 72, and therefore, leaves the Plaintiff to her proof.

73. The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 73, and therefore, leaves the Plaintiff to her proof.

74. The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 74, and therefore, leaves Plaintiff to her proof.

75. The University admits it did not inform Ms. Angell of the appeal prior to November 1, and further admits that after informing the student-respondent by e-mail at 3:44 p.m. on November 1, 2010 that his expulsion had been reversed on appeal, it did not notify Ms. Angell of the appeal decision before she encountered the student-respondent in the dining hall that evening. The University denies it "allowed [the student-respondent] to return to UConn's campus" because the original sanction of expulsion remained in effect until he met with the

Office of Community Standards and accepted the conditions of probation and other sanctions imposed as a result of the appeal.

76.     The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 76, and therefore, leaves Plaintiff to her proof.

77.     The University admits that Ms. Angell went to the UConn Police Department on November 1, 2010 with a friend and reported that an expelled student had been at the Northwest Dining Hall. The University lacks sufficient information upon which to admit or deny the remaining allegations in Paragraph 77, and therefore, leaves Plaintiff to her proof.

78.     The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 78, and therefore, leaves Plaintiff to her proof.

79.     The University admits that Ms. Angell spoke to Officer Linda Lougee and provided a written statement to the police that included information about the July 2010 incident and the resulting Community Standards hearing and reported that the student-respondent was at the Northwest Dining Hall on November 1, 2010. The University lacks sufficient information to admit or deny the remaining allegations in Paragraph 79, and therefore, leaves Plaintiff to her proof.

80.     The University denies the allegations in Paragraph 80 as alleged.

81.     The University denies the allegations in Paragraph 81.

82.     The University denies the allegations in Paragraph 82.

83.     The University admits that Ms. Angell declined to press charges for the July 2010 incident despite Officer Lougee's advice of her right to do so, and lacks sufficient information upon which to admit or deny the remaining allegations in Paragraph 83, and therefore, leaves Plaintiff to her proof.

84.     The University admits that UConn's Vice President of Student Affairs, John Saddlemire, and UConn's Director of Community Standards, Catherine Cocks, met with Kylie Angell and Ms. Rodman Jenkins on November 2, 2010. The University denies Ms. Rodman Jenkins was the Associate Director of the Women's Center, but admits she was employed by UConn and served as the Violence Against Women Prevention Program's [VAWPP] program director.

85.     The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 85, and therefore, leaves Plaintiff to her proof.

86.     The University denies the allegations in Paragraph 86 as alleged.

87.     The University denies the allegations in Paragraph 87 as alleged.

88.     The University denies the allegations in Paragraph 88.

**D.      The University's No-Contact Order Provides  No Meaningful Protection to Ms. Angell, and the University Fails to Revisit the Propriety of Continuing to Allow Her Perpetrator to Remain on Campus, Despite his Multiple Violations of the Order.**

89.     The University admits that the no-contact order was still in place, and denies the remaining allegations of Paragraph 89 as alleged, including the allegation that it allowed the accused student to return to campus at that time.

90.     The University denies the allegations in paragraph 90 as alleged.

91.     The University admits the allegations in paragraph 91.

92.     The University denies the allegations in paragraph 92.

93.     The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 93, and therefore, leaves Plaintiff to her proof.

94.     The University admits that based on the Office of Community Standards' investigation of the November 1 incident in the dining hall, it made no modifications to the

restrictions imposed on the student as a condition of his returning to campus, and denies the remaining allegations in Paragraph 94.

95. The University denies the allegations in Paragraph 95 as alleged.

96. The University admits that Ms. Angell sought assistance from the Office of Student Services and Advocacy (OSSA) in November 2010. The University lacks sufficient information upon which to admit or deny the allegations in the last sentence of Paragraph 96, and therefore, leaves Plaintiff to her proof. The University denies the remaining allegations contained in Paragraph 96.

97. The University denies the allegations in Paragraph 97.

### E. Ms. Angell Sustains Damages.

98. The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 98, and therefore, leaves Plaintiff to her proof.

99. The University denies that Ms. Angell dropped all her extracurricular activities for the entire 2010-11 academic year, and lacks sufficient information upon which to admit or deny the remaining allegations in Paragraph 99, and therefore, leaves Plaintiff to her proof.

100. The University denies that it responded to Ms. Angell in an "indifferent manner." The University lacks sufficient information upon which to admit or deny the remaining allegations in Paragraph 100, and therefore, leaves Plaintiff to her proof.

### VII. FACTUAL AVERMENTS (Erica Daniels)

### A. Ms. Daniels is Raped by a Fellow UConn Student and Co-Worker.

101. The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 101, and therefore, leaves Plaintiff to her proof.

102. The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 102, and therefore, leaves Plaintiff to her proof.

13

103.     The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 103, and therefore, leaves Plaintiff to her proof.

104.     The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 104, and therefore, leaves Plaintiff to her proof.

105.     The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 105, and therefore, leaves Plaintiff to her proof.

106.     The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 106, and therefore, leaves Plaintiff to her proof.

107.     The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 107, and therefore, leaves Plaintiff to her proof.

108.     The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 108, and therefore, leaves Plaintiff to her proof.

109.     The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 109, and therefore, leaves Plaintiff to her proof.

110.     The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 110, and therefore, leaves Plaintiff to her proof.

111.     The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 111, and therefore, leaves Plaintiff to her proof.

112.     The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 112, and therefore, leaves Plaintiff to her proof.

113.     The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 113, and therefore, leaves Plaintiff to her proof.

114.     The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 114, and therefore, leaves Plaintiff to her proof.

115.    The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 115, and therefore, leaves Plaintiff to her proof.

116.    The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 116, and therefore, leaves Plaintiff to her proof.

117.    The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 117, and therefore, leaves Plaintiff to her proof.

118.    The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 118, and therefore, leaves Plaintiff to her proof.

**B.      Ms. Daniels Reaches Out to UConn for Help, and the University Responds With Indifference.**

119.    The University denies that Ms. Daniels was "constrained to continue to work at South Dining hall with the perpetrator." The University lacks sufficient information upon which to admit or deny the remaining allegations in Paragraph 119, and therefore, leaves Plaintiff to her proof.

120.    The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 120, and therefore, leaves Plaintiff to her proof.

121.    The University admits that on or about May 1, 2013, a student employee of Dining Services reported to the Assistant Director of Residential Dining that Ms. Daniels reported being sexually assaulted by a fellow student and co-worker, and further admits that on that same day the Assistant Director of Residential Dining made a report to the Office of Diversity and Equity as required by the University's Sexual Assault Response Policy ("SARP"). The remaining allegations in Paragraph 121 are denied.

122.    The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 122, and therefore, leaves Plaintiff to her proof.

123.    The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 123, and therefore, leaves Plaintiff to her proof.

124.    The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 124, and therefore, leaves Plaintiff to her proof.

125.    The University admits that Ms. Daniels was offered and accepted a transfer to another dining hall, and denies the remaining allegations in Paragraph 125.

126.    The University denies the allegations in Paragraph 126 as alleged.

127.    The University admits that on June 18, 2013, Ms. Daniels contacted Community Standards and advised that she wanted to pursue a complaint against the fellow student and co-worker whom she stated assaulted her, and that on June 25, 2013, Ms. Daniels provided a statement to Community Standards, which statement speaks for itself.

128.    The University admits that Ms. Daniels informed Community Standards on June 18, 2013 that she wished to file a complaint, and that on August 9, 2013, following an investigation, the Assistant Director of Community Standards and an employee in Resident Life advised Ms. Daniels that there was insufficient evidence to support a finding that the accused student had violated the Student Code, as alleged by Ms. Daniels. The University denies the remaining allegations in Paragraph 128.

129.    The University denies the allegations in Paragraph 129 as alleged.

130.    The University denies the allegations in Paragraph 130 as alleged.

**C.    The University's No-Contact Order Provides No Meaningful Protection to Ms. Daniels. In Fact, the University Threatens to Find Ms. Daniels in Violation of It.**

131.    The University denies the allegations in paragraph 131.

132.    The University denies the allegations in paragraph 132.

**D.** **Neither the UConn Police nor the University Take Any Action to Address Ms. Daniels' Concerns. Instead, the University Subjects Ms. Daniels to Additional Trauma.**

133.    The University admits that on August 16, 2013, Ms. Daniels reported to the UConn Police Department that she was assaulted by a fellow student and co-worker on April 15-16, 2013, that the UConn Police Department advised Ms. Daniels to report the event to the Willimantic Police Department and that Officer Bard of the UConn Police Department drove Ms. Daniels to the Willimantic Police Department to facilitate that report. The remaining allegations in Paragraph 133 are denied.

134.    The University admits that the UConn Police Department advised Ms. Daniels to report the event to the Willimantic Police Department, and that Officer Bard of the UConn Police Department drove Ms. Daniels to the Willimantic Police Department to facilitate that report. The University lacks sufficient information upon which to admit or deny the remaining allegations in Paragraph 134, and therefore, leaves Plaintiff to her proof.

135.    The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 135, and therefore, leaves Plaintiff to her proof.

136.    The University denies the allegations in Paragraph 136.

137.    The University admits that the criminology professor showed the slides alleged in Paragraph 137, and denies the remaining allegations in paragraph 137.

138.    The University admits that the professor apologized for making Ms. Daniels feel uncomfortable and offered her his assistance if she needed it. The University lacks sufficient information upon which to admit or deny the remaining allegations in Paragraph 138, and therefore, leaves Plaintiff to her proof.

139.    The University lacks sufficient information upon which to admit or deny the allegation in the first sentence of Paragraph 139, and therefore, leaves Plaintiff to her proof.

The University admits that Community Standards offered assistance regarding scheduling issues. The University denies the remaining allegations in Paragraph 139.

### E. Ms. Daniels Sustains Damages.

140. The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 140, and therefore, leaves Plaintiff to her proof.

141. The University denies the allegations in Paragraph 141 as alleged.

142. The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 142, and therefore, leaves Plaintiff to her proof, except the University denies any inference that Plaintiff was penalized for any such absences.

143. The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 143, and therefore, leaves Plaintiff to her proof.

## VIII. FACTUAL AVERMENTS (Rosemary Richi)

### A. Ms. Richi is Raped in a UConn Dormitory.

144. The University admits the allegation in Paragraph 144.

145. The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 145, and therefore, leaves Plaintiff to her proof.

146. The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 146, and therefore, leaves Plaintiff to her proof, except the University admits the student identified by Ms. Richi was a member of the football team.

147. The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 147, and therefore, leaves Plaintiff to her proof.

148. The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 148, and therefore, leaves Plaintiff to her proof.

149. The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 149, and therefore, leaves Plaintiff to her proof.

150. The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 150, and therefore, leaves Plaintiff to her proof.

151. The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 151, and therefore, leaves Plaintiff to her proof.

152. The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 152, and therefore, leaves Plaintiff to her proof.

153. The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 153, and therefore, leaves Plaintiff to her proof.

154. The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 154, and therefore, leaves Plaintiff to her proof.

155. The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 155, and therefore, leaves Plaintiff to her proof.

156. The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 156, and therefore, leaves Plaintiff to her proof.

157. The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 157, and therefore, leaves Plaintiff to her proof.

158. The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 158, and therefore, leaves Plaintiff to her proof.

159. The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 159, and therefore, leaves Plaintiff to her proof.

160. The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 160, and therefore, leaves Plaintiff to her proof.

**B.    Ms. Richi Reaches Out for Help, and the University and UConn Police Both Respond With Indifference.**

161.    The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 161, and therefore, leaves Plaintiff to her proof.

162.    The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 162, and therefore, leaves Plaintiff to her proof.

163.    The University admits Ms. Richi enrolled in a class in the Women's, Gender and Sexualities Studies department, which class is the training mechanism for the peer educators in the Violence Against Women Prevention Program (VAWPP).

164.    The University admits Ms. Richi talked about what happened to her in 2011 to the Men's Project, a subgroup of VAWPP.  The University denies the remaining allegations in Paragraph 164.

165.    The University admits the allegations in Paragraph 165.

166.    The University admits that due to the nature of Ms. Richi's disclosure during the meeting, Ms. Holgerson advised Ms. Richi that Ms. Holgerson was required to report the disclosure pursuant to the University's Sexual Assault Response Policy.

167.    The University admits that Ms. Holgerson provided resources to Ms. Richi, advised Ms. Richi of her referral and reporting options, including referrals to UConn's Counseling and Mental Health Services, the UConn Police Department, the Office of Student Services and Advocacy and Community Standards, wrote down the name of the perpetrator identified by Ms. Richi, and reported the assault to UConn's Office of Diversity and Equity on April 3, 2013.  The remaining allegations of Paragraph 167 are denied as alleged.

168.    The University denies the allegations in Paragraph 168 as alleged.

169.     The University admits that on April 26, 2013 Ms. Richi reported the September 2011 incident to the UConn Police Department. The University lacks sufficient information upon which to admit or deny what Plaintiff "decided," and therefore, leave Plaintiff to her proof.

170.     The University admits the allegations in Paragraph 170.

171.     The University admits that Ms. Richi permitted Detective Deveny to view and print what Ms. Richi described as a post to her blog about the assault made in September 2011. The University denies that Ms. Richi provided Detective Deveny "with a list of names of people who knew about the rape."

172.     The University denies the allegations in Paragraph 172 as alleged.

173.     The University denies the allegations in Paragraph 173 as alleged.

174.     The University admits that Detective Deveny interviewed individuals with potentially relevant information about Ms. Richi's complaint. The University lacks sufficient information upon which to admit or deny the remaining allegations in Paragraph 174, and therefore, leaves Plaintiff to her proof.

175.     The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 175, and therefore, leaves Plaintiff to her proof.

176.     The University admits that on June 20, 2013, Detective Deveny advised Ms. Richi that the Connecticut State's Attorney's Office had determined there was insufficient evidence to move forward with a prosecution. The University denies the remaining allegations of Paragraph 176 as alleged.

177.     The University denies the allegations in Paragraph 177 as alleged.

178.     The University denies the allegations in Paragraph 178 as alleged.

179.     The University denies the allegations in allegations in Paragraph 179 as alleged, because the accused student was not charged criminally due to the decision by the State's

21

Attorney's Office and no internal student discipline was imposed on the accused student because Ms. Richi chose not to pursue a complaint with the Office of Community Standards.

180. The University denies any record of the UConn Police Department receiving a voicemail from Ms. Richi. The University lacks sufficient information upon which to admit or deny the remaining allegations in Paragraph 180, and therefore, leaves Plaintiff to her proof.

### C. Ms. Richi Sustains Damages.

181. The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 181, and therefore, leaves Plaintiff to her proof.

182. The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 182, and therefore, leaves Plaintiff to her proof.

183. The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 183, and therefore, leaves Plaintiff to her proof.

184. The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 184, and therefore, leaves Plaintiff to her proof.

185. The University denies that Ms. Richi did not receive support from UConn after reaching out. The University lacks sufficient information upon which to admit or deny the remaining allegations in Paragraph 185, and therefore, leaves Plaintiff to her proof.

186. The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 186, and therefore, leaves Plaintiff to her proof.

187. The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 187.

### IX. FACTUAL AVERMENTS (Silvana Moccia)

#### A. Ms. Moccia is Raped by a Fellow Student-Athlete.

188.    The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 188, and therefore, leaves Plaintiff to her proof.

189.    The University admits the allegations in paragraph 189 upon information and belief.

190.    The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 190, and therefore, leaves Plaintiff to her proof.

191.    The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 191, and therefore, leaves Plaintiff to her proof.

192.    The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 192, and therefore, leaves Plaintiff to her proof.

193.    The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 193, and therefore, leaves Plaintiff to her proof.

194.    The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 194, and therefore, leaves Plaintiff to her proof.

195.    The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 195, and therefore, leaves Plaintiff to her proof.

**B.     Ms. Moccia Reaches Out for Help, and the University Responds With Indifference.**

196.    The University admits that Ms. Moccia made the report alleged, but its records reflect the date as September 9, 2011. The University lacks sufficient information upon which to admit or deny remaining allegations of paragraph 196, and therefore, leaves Plaintiff to her proof.

197.    The University admits the allegations of paragraph 197.

198.    The University admits the allegations of paragraph 198.

199. The University denies the allegations in paragraph 199.

200. The University denies the allegations in Paragraph 200 as alleged.

201. The University admits that Ms. Moccia expressed concern about advising her coach of her allegations. The University denies the remaining allegations in Paragraph 201.

202. The University lacks sufficient information on which to admit or deny the allegations of Paragraph 202, and therefore, leaves Plaintiff to her proof.

203. The University admits that Ms. Moccia met with her coach on September 12, 2011, that the coach asked Ms. Moccia why she had not disclosed her knee injury sooner as it clearly impacted Ms. Moccia's ability to participate on the team, and that Ms. Moccia had missed multiple practices with the explanation that she was "sick" or had "overslept." The University denies that the coach "berated" Ms. Moccia.

204. The University denies the allegations in Paragraph 204 as alleged.

205. The University admits Ms. Moccia represented that the accused was still participating on the men's hockey team, and Ms. Moccia expressed a desire to continue to participate. The University denies the remaining allegations of Paragraph 205 as alleged.

206. The University denies the allegations in Paragraph 206.

207. The University denies it failed to ask the identity of the perpetrator, a request Ms. Moccia declined to answer. The University admits the remaining allegations in Paragraph 207, except the University's records reflect this meeting occurred on September 14, 2011.

208. The University denies the allegation in Paragraph 208 as alleged.

209. The University denies the allegations in Paragraph 209 as alleged.

210. The University admits that it fully reimbursed Ms. Moccia her tuition.

211. The University admits that Ms. Moccia was reimbursed for medical expenses and provided with the letter described herein. The University lacks sufficient information and belief

upon which to admit or deny the remaining allegation of Paragraph 211, and therefore, leaves Plaintiff to her proof.

### C. Ms. Moccia Sustains Damages.

212. The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 212, and therefore, leaves Plaintiff to her proof.

213. The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 213, and therefore, leaves Plaintiff to her proof.

214. The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 214, and therefore, leaves Plaintiff to her proof, but denies any unfair or wrongful treatment by UConn.

215. The University denies the allegations in Paragraph 215.

### X. FACTUAL AVERMENTS (Plaintiffs Luby, Angell, Daniels, and Richi)

### A. UConn's Television Station Airs a Video Promoting Sexual Violence, and UConn's Administration Responds with Indifference.

216. The University admits the allegations in Paragraph 216, except denies any inference this station is within the control of the University given it is funded and run by students

217. The University denies the allegation in Paragraph 217 as alleged, and refers to the video for its contents.

218. The University admits the episode was aired again on or about January 31, 2012 and that there was subsequent discussion by students, but lacks sufficient information upon which to admit or deny the remaining allegations in Paragraph 218, and therefore, leaves Plaintiffs to their proof.

219. The University admits that UCTV took the episode off its website and issued an apology, and denies the remaining allegations in Paragraph 219.

220.    The University admits that there was a petition posted to www.change.org by a group called Students Against Rape Culture, which petition speaks for itself.

221.    The University denies the allegations in Paragraph 221.

222.    The University denies the allegations in Paragraph 222.

**B.      The University Retaliates Against the Plaintiffs for Opposing Sex Discrimination.**

### 1.      The Plaintiffs File a Formal Complaint, and the University Responds by Demeaning Them.

223.    The University admits that it has been advised that a Title IX Complaint was filed with the U.S. Department of Education's Office for Civil Rights.  Because the University has not been able to obtain a copy of the complaint, the University lacks sufficient information upon which to admit or deny the allegations in Paragraph 223, and therefore, leaves Plaintiffs to their proof.

224.    The University admits that Paragraph 224 quotes a portion of the statement issued by President Herbst.

225.    The University denies the allegations in Paragraph 225.

226.    The University denies as alleged the allegations in Paragraph 226.

### 2.      Carolyn Luby

227.    The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 227, and therefore, leaves Plaintiff to her proof, but denies that any statement by the President questioned Plaintiff's remarks, or otherwise caused such questions by others.

228.    The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 228, and therefore, leaves Plaintiff to her proof.

229. The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 229, and therefore, leaves Plaintiff to her proof, but denies that the President's statement warranted such results.

### 3. Kylie Angell

230. The University admits that Ms. Angell graduated in 2013. The University lacks sufficient information upon which to admit or deny the remaining allegations in Paragraph 230, and therefore, leaves Plaintiff to her proof.

231. The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 231, and therefore, leaves Plaintiff to her proof.

232. The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 232, and therefore, leaves Plaintiff to her proof.

233. The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 233, and therefore, leaves Plaintiff to her proof.

234. The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 234, and therefore, leaves Plaintiff to her proof.

### 4. Erica Daniels

235. The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 235, and therefore, leaves Plaintiff to her proof.

236. The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 236, and therefore, leaves Plaintiff to her proof, but denies that any UConn official created or tolerated a "hostile environment."

### 5. Rosemary Richi

237. The University lacks sufficient information upon which to admit or deny the allegations in Paragraph 237, and therefore, leaves Plaintiff to her proof.

238.     The University lacks sufficient information upon which to admit or deny the

allegations in Paragraph 238, and therefore, leaves Plaintiff to her proof.

## XI.     LEGAL CLAIMS

### FIRST CLAIM FOR RELIEF:
### SEX DISCRIMINATION IN VIOLATION OF TITLE IX
### OF THE EDUCATIONAL AMENDMENTS OF 1972, 20 U.S.C. § 1681,
### AGAINST THE UNIVERSITY OF CONNECTICUT,
### AS TO CAROLYN LUBY.

239.     The University's responses to Paragraphs 1 through 238 are hereby incorporated

by reference as the University response to Paragraph 239 as if fully set forth herein.

240.     The University admits the allegations in Paragraph 240.

241.     The University denies the allegations in Paragraph 241.

242.     The University denies the allegations in Paragraph 242.

243.     The University denies the allegations in Paragraph 243.

244.     The University denies the allegations in Paragraph 244.

### SECOND CLAIM FOR RELIEF:
### SEX DISCRIMINATION IN VIOLATION OF TITLE IX
### OF THE EDUCATIONAL AMENDMENTS OF 1972, 20 U.S.C. § 1681,
### AGAINST THE UNIVERSITY OF CONNECTICUT,
### AS TO KYLIE ANGELL.

245.     The University's responses to Paragraphs 1 through 238 are hereby incorporated

by reference as the University's response to Paragraph 245 as if fully set forth herein.

246.     The University admits the allegations in Paragraph 246.

247.     The University denies the allegations in Paragraph 247.

248.     The University denies the allegations in Paragraph 248.

249.     The University denies the allegations in Paragraph 249.

250.     The University denies the allegations in Paragraph 250.

**THIRD CLAIM FOR RELIEF:**
**SEX DISCRIMINATION IN VIOLATION OF TITLE IX**
**OF THE EDUCATIONAL AMENDMENTS OF 1972, 20 U.S.C. § 1681,**
**AGAINST THE UNIVERSITY OF CONNECTICUT,**
**AS TO ERICA DANIELS.**

251.    The University's responses to Paragraphs 1 through 238 are hereby incorporated by reference as the University's response to Paragraph 251 as if fully set forth herein.

252.    The University admits the allegations in Paragraph 252.

253.    The University denies the allegations in Paragraph 253.

254.    The University denies the allegations in Paragraph 254.

255.    The University denies the allegations in Paragraph 255.

256.    The University denies the allegations in Paragraph 256.

**FOURTH CLAIM FOR RELIEF:**
**SEX DISCRIMINATION IN VIOLATION OF TITLE IX**
**OF THE EDUCATIONAL AMENDMENTS OF 1972, 20 U.S.C. § 1681,**
**AGAINST THE UNIVERSITY OF CONNECTICUT,**
**AS TO ROSEMARY RICHI.**

257.    The University's responses to Paragraphs 1 through 238 are hereby incorporated by reference as the University's response to Paragraph 257 as if fully set forth herein.

258.    The University admits the allegations in Paragraph 258.

259.    The University denies the allegations in Paragraph 259.

260.    The University denies the allegations in Paragraph 260.

261.    The University denies the allegations in Paragraph 261.

262.    The University denies the allegations in Paragraph 262.

## FIFTH CLAIM FOR RELIEF:
## SEX DISCRIMINATION IN VIOLATION OF TITLE IX
## OF THE EDUCATIONAL AMENDMENTS OF 1972, 20 U.S.C. § 1681,
## AGAINST THE UNIVERSITY OF CONNECTICUT,
## AS TO SILVANA MOCCIA.

263.     The University's responses to Paragraphs 1 through 238 are hereby incorporated by reference as the University's response to Paragraph 263 as if fully set forth herein.

264.     The University admits the allegations in Paragraph 264.

265.     The University denies the allegations in Paragraph 265.

266.     The University denies the allegations in Paragraph 266.

267.     The University denies the allegations in Paragraph 267.

268.     The University denies the allegations in Paragraph 268.

## SIXTH CLAIM FOR RELIEF:
## RETALIATION IN VIOLATION OF TITLE IX
## OF THE EDUCATIONAL AMENDMENTS OF 1972, 20 U.S.C. § 1681,
## AGAINST THE UNIVERSITY OF CONNECTICUT,
## AS TO CAROLYN LUBY.

269.     The University's responses to Paragraphs 1 through 238 are hereby incorporated by reference as the University's response to Paragraph 269 as if fully set forth herein.

270.     The University admits that Ms. Luby made a complaint to the U.S. Department of Education's Office of Civil Rights. The University lacks sufficient information regarding its contents and therefore, leaves Plaintiff to her proof that the complaint constitutes "protected activity" pursuant to Title IX.

271.     The University denies the allegations in Paragraph 271.

272.     The University denies the allegations in Paragraph 272.

273.     The University denies the allegations in Paragraph 273.

## SEVENTH CLAIM FOR RELIEF:
## RETALIATION IN VIOLATION OF TITLE IX
## OF THE EDUCATIONAL AMENDMENTS OF 1972, 20 U.S.C. § 1681,
## AGAINST THE UNIVERSITY OF CONNECTICUT,
## AS TO KYLIE ANGELL.

274. The University's responses to Paragraphs 1 through 238 are hereby incorporated by reference as the University's response to Paragraph 274 as if fully set forth herein.

275. The University admits that Ms. Angell made a complaint to the U.S. Department of Education's Office of Civil Rights. The University lacks sufficient information regarding its contents and therefore, leaves Plaintiff to her proof that the complaint constitutes "protected activity" pursuant to Title IX.

276. The University denies the allegations in Paragraph 276.

277. The University denies the allegations in Paragraph 277.

278. The University denies the allegations in Paragraph 278.

## EIGHTH CLAIM FOR RELIEF:
## RETALIATION IN VIOLATION OF TITLE IX
## OF THE EDUCATIONAL AMENDMENTS OF 1972, 20 U.S.C. § 1681,
## AGAINST THE UNIVERSITY OF CONNECTICUT,
## AS TO ERICA DANIELS.

279. The University's responses to Paragraphs 1 through 238 are hereby incorporated by reference as the University's response to Paragraph 279 as if fully set forth herein.

280. The University admits that Ms. Daniels made a complaint to the U.S. Department of Education's Office of Civil Rights. The University lacks sufficient information regarding its contents and therefore, leaves Plaintiff to her proof that the complaint constitutes "protected activity" pursuant to Title IX.

281. The University denies the allegations in Paragraph 281.

282. The University denies the allegations in Paragraph 282.

283. The University denies the allegations in Paragraph 283.

## NINTH CLAIM FOR RELIEF:
## RETALIATION IN VIOLATION OF TITLE IX
## OF THE EDUCATIONAL AMENDMENTS OF 1972, 20 U.S.C. § 1681,
## AGAINST THE UNIVERSITY OF CONNECTICUT,
## AS TO ROSEMARY RICHI.

284. The University's responses to Paragraphs 1 through 238 are hereby incorporated by reference as the University's response to Paragraph 284 as if fully set forth herein.

285. The University admits upon information and belief that Ms. Richi made a complaint to the U.S. Department of Education's Office of Civil Rights. The University lacks sufficient information regarding its contents and therefore, leaves Plaintiff to her proof that the complaint constitutes "protected activity" pursuant to Title IX.

286. The University denies the allegations in Paragraph 286.

287. The University denies the allegations in Paragraph 287.

288. The University denies the allegations in Paragraph 288.

## TENTH CLAIM FOR RELIEF:
## RETALIATION IN VIOLATION OF TITLE IX
## OF THE EDUCATIONAL AMENDMENTS OF 1972, 20 U.S.C. § 1681,
## AGAINST THE UNIVERSITY OF CONNECTICUT,
## AS TO SILVANA MOCCIA.

289. The University's responses to Paragraphs 1 through 238 are hereby incorporated by reference as the University's response to Paragraph 289 as if fully set forth herein.

290. The University denies the allegations in Paragraph 290 as alleged.

291. The University denies the allegations in Paragraph 291.

292. The University denies the allegations in Paragraph 292.

293. The University denies the allegations in Paragraph 293.

## ELEVENTH CLAIM FOR RELIEF:
## SEX DISCRIMINATION IN VIOLATION OF TITLE VII
## OF THE CIVIL RIGHTS ACT, 42 U.S.C. § 2000E-2
## AGAINST THE UNIVERSITY OF CONNECTICUT
## AS TO CAROLYN LUBY.

294.     The University's responses to Paragraphs 1 through 238 are hereby incorporated by reference as the University's response to Paragraph 294 as if fully set forth herein.

295.     The University admits the allegations contained in Paragraph 295.

296.     The University admits the allegations contained in Paragraph 296.

297.     The University denies the allegations contained in Paragraph 297.

298.     The University denies the allegations contained in Paragraph 298.

299.     The University denies the allegations contained in Paragraph 299.

## TWELFTH CLAIM FOR RELIEF:
## RETALIATION IN VIOLATION OF TITLE VII
## OF THE CIVIL RIGHTS ACT, 42 U.S.C. § 2000E-3
## AGAINST THE UNIVERSITY OF CONNECTICUT
## AS TO CAROLYN LUBY.

300.     The University's responses to Paragraphs 1 through 238 are hereby incorporated by reference as the University's response to Paragraph 300 as if fully set forth herein.

301.     The University admits the allegations contained in Paragraph 301.

302.     The University admits the allegations contained in Paragraph 302.

303.     The University denies the allegations contained in Paragraph 303.

304.     The University denies the allegations contained in Paragraph 304.

305.     The University denies the allegations contained in Paragraph 305.

306.     The University denies the allegations contained in Paragraph 306.

307.     The University denies the allegations contained in Paragraph 305.

## THIRTEENTH CLAIM FOR RELIEF:
## SEX DISCRIMINATION IN VIOLATION OF
## THE CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT,
## CONN. GEN. STAT. § 46A-60,
## AGAINST THE UNIVERSITY OF CONNECTICUT
## AS TO CAROLYN LUBY.

308. The University's responses to Paragraphs 1 through 238 are hereby incorporated by reference as the University's response to Paragraph 308 as if fully set forth herein.

309. The University admits the allegations contained in Paragraph 309.

310. The University admits the allegations contained in Paragraph 310.

311. The University denies the allegations contained in Paragraph 311.

312. The University denies the allegations contained in Paragraph 312.

313. The University denies the allegations contained in Paragraph 313.

## FOURTEENTH CLAIM FOR RELIEF:
### RETALIATION IN VIOLATION OF
### THE CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT,
### CONN. GEN. STAT. § 46A-60,
### AGAINST THE UNIVERSITY OF CONNECTICUT
### AS TO CAROLYN LUBY.

314. The University's responses to Paragraphs 1 through 238 are hereby incorporated by reference as the University's response to Paragraph 314 as if fully set forth herein.

315. The University admits the allegations contained in Paragraph 315.

316. The University admits the allegations contained in Paragraph 316.

317. The University denies the allegations contained in Paragraph 317.

318. The University denies the allegations contained in Paragraph 318.

319. The University denies the allegations contained in Paragraph 319.

320. The University denies the allegations contained in Paragraph 320.

321. The University denies the allegations contained in Paragraph 321.

## FIFTEENTH CLAIM FOR RELIEF:
### SEX DISCRIMINATION IN VIOLATION OF TITLE VII
### OF THE CIVIL RIGHTS ACT, 42 U.S.C. § 2000E-2
### AGAINST THE UNIVERSITY OF CONNECTICUT
### AS TO ERICA DANIELS.

322. The University's responses to Paragraphs 1 through 238 are hereby incorporated by reference as the University's response to Paragraph 322 as if fully set forth herein.

323. The University admits the allegations contained in Paragraph 323.

324. The University admits the allegations contained in Paragraph 324.

325. The University denies the allegations contained in Paragraph 325.

326. The University denies the allegations contained in Paragraph 326.

327. The University denies the allegations contained in Paragraph 327.

**SIXTEENTH CLAIM FOR RELIEF:**
**RETALIATION IN VIOLATION OF TITLE VII**
**OF THE CIVIL RIGHTS ACT, 42 U.S.C. § 2000E-3**
**AGAINST THE UNIVERSITY OF CONNECTICUT**
**AS TO ERICA DANIELS.**

328. The University's responses to Paragraphs 1 through 238 are hereby incorporated by reference as the University's response to Paragraph 328 as if fully set forth herein.

329. The University admits the allegations contained in Paragraph 329.

330. The University admits the allegations contained in Paragraph 330.

331. The University denies the allegations contained in Paragraph 331.

332. The University denies the allegations contained in Paragraph 332.

333. The University denies the allegations contained in Paragraph 333.

334. The University denies the allegations contained in Paragraph 334.

335. The University denies the allegations contained in Paragraph 335.

**SEVENTEENTH CLAIM FOR RELIEF:**
**SEX DISCRIMINATION IN VIOLATION OF**
**THE CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT,**
**CONN. GEN. STAT. § 46A-60,**
**AGAINST THE UNIVERSITY OF CONNECTICUT**
**AS TO ERICA DANIELS.**

336. The University's responses to Paragraphs 1 through 238 are hereby incorporated by reference as the University's response to Paragraph 336 as if fully set forth herein.

337. The University admits the allegations contained in Paragraph 337.

338. The University admits the allegations contained in Paragraph 338.

339. The University denies the allegations contained in Paragraph 339.

340. The University denies the allegations contained in Paragraph 340.

341. The University denies the allegations contained in Paragraph 341.

**EIGHTEENTH CLAIM FOR RELIEF:**
**RETALIATION IN VIOLATION OF**
**THE CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT,**
**CONN. GEN. STAT. § 46A-60,**
**AGAINST THE UNIVERSITY OF CONNECTICUT**
**AS TO ERICA DANIELS.**

342. The University's responses to Paragraphs 1 through 238 are hereby incorporated by reference as the University's response to Paragraph 342 as if fully set forth herein.

343. The University admits the allegations contained in Paragraph 343.

344. The University admits the allegations contained in Paragraph 344.

345. The University denies the allegations contained in Paragraph 345.

346. The University denies the allegations contained in Paragraph 346.

347. The University denies the allegations contained in Paragraph 347.

348. The University denies the allegations contained in Paragraph 348.

349. The University denies the allegations contained in Paragraph 349.

**CLAIMS FOR RELIEF**

WHEREFORE, Defendant denies that Plaintiffs are entitled to any of the relief sought.

## AFFIRMATIVE DEFENSES

### AFFIRMATIVE DEFENSES TO THE FIRST CLAIM FOR RELIEF

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff has failed to sufficiently state a claim upon which exemplary or punitive damages can be awarded.

3. Plaintiff's claims are barred in whole or in part by her failure to sufficiently exhaust her administrative remedies.

4. Plaintiff's claims are barred in whole or in part by the applicable statute(s) of limitations.

5. Plaintiff's claims are barred in whole or in part due to her lack of standing to assert them.

6. Plaintiff's claims are barred in whole or in part by the doctrine of primary jurisdiction.

### AFFIRMATIVE DEFENSES TO THE SECOND CLAIM FOR RELIEF

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff has failed to sufficiently state a claim upon which exemplary or punitive damages can be awarded.

3. Plaintiff's claims are barred in whole or in part by her failure to sufficiently exhaust her administrative remedies.

4. Plaintiff's claims are barred in whole or in part by the applicable statute(s) of limitations.

5. Plaintiff's claims are barred in whole or in part due to her lack of standing to assert them.

6.      Plaintiff's claims are barred in whole or in part by the doctrine of primary jurisdiction.

### AFFIRMATIVE DEFENSES TO THE THIRD CLAIM FOR RELIEF

1.      Plaintiff has failed to state a claim upon which relief can be granted.

2.      Plaintiff has failed to sufficiently state a claim upon which exemplary or punitive damages can be awarded.

3.      Plaintiff's claims are barred in whole or in part by her failure to sufficiently exhaust her administrative remedies.

4.      Plaintiff's claims are barred in whole or in part by the applicable statute(s) of limitations.

5.      Plaintiff's claims are barred in whole or in part due to her lack of standing to assert them.

6.      Plaintiff's claims are barred in whole or in part by the doctrine of primary jurisdiction.

### AFFIRMATIVE DEFENSES TO THE FOURTH CLAIM FOR RELIEF

1.      Plaintiff has failed to state a claim upon which relief can be granted.

2.      Plaintiff has failed to sufficiently state a claim upon which exemplary or punitive damages can be awarded.

3.      Plaintiff's claims are barred in whole or in part by her failure to sufficiently exhaust her administrative remedies.

4.      Plaintiff's claims are barred in whole or in part by the applicable statute(s) of limitations.

5.      Plaintiff's claims are barred in whole or in part due to her lack of standing to assert them.

6.    Plaintiff's claims are barred in whole or in part by the doctrine of primary jurisdiction.

### AFFIRMATIVE DEFENSES TO THE FIFTH CLAIM FOR RELIEF

1.    Plaintiff has failed to state a claim upon which relief can be granted.

2.    Plaintiff has failed to sufficiently state a claim upon which exemplary or punitive damages can be awarded.

3.    Plaintiff's claims are barred in whole or in part by her failure to sufficiently exhaust her administrative remedies.

4.    Plaintiff's claims are barred in whole or in part by the applicable statute(s) of limitations.

5.    Plaintiff's claims are barred in whole or in part due to her lack of standing to assert them.

6.    Plaintiff's claims are barred in whole or in part by the doctrine of primary jurisdiction.

### AFFIRMATIVE DEFENSES TO THE SIXTH CLAIM FOR RELIEF

1.    Plaintiff has failed to state a claim upon which relief can be granted.

2.    Plaintiff has failed to sufficiently state a claim upon which exemplary or punitive damages can be awarded.

3.    Plaintiff's claims are barred in whole or in part by her failure to sufficiently exhaust her administrative remedies.

4.    Plaintiff's claims are barred in whole or in part by the applicable statute(s) of limitations.

5.    Plaintiff's claims are barred in whole or in part due to her lack of standing to assert them.

6.     Plaintiff's claims are barred in whole or in part by the doctrine of primary jurisdiction.

## AFFIRMATIVE DEFENSES TO THE SEVENTH CLAIM FOR RELIEF

1.     Plaintiff has failed to state a claim upon which relief can be granted.

2.     Plaintiff has failed to sufficiently state a claim upon which exemplary or punitive damages can be awarded.

3.     Plaintiff's claims are barred in whole or in part by her failure to sufficiently exhaust her administrative remedies.

4.     Plaintiff's claims are barred in whole or in part by the applicable statute(s) of limitations.

5.     Plaintiff's claims are barred in whole or in part due to her lack of standing to assert them.

6.     Plaintiff's claims are barred in whole or in part by the doctrine of primary jurisdiction.

## AFFIRMATIVE DEFENSES TO THE EIGHTH CLAIM FOR RELIEF

1.     Plaintiff has failed to state a claim upon which relief can be granted.

2.     Plaintiff has failed to sufficiently state a claim upon which exemplary or punitive damages can be awarded.

3.     Plaintiff's claims are barred in whole or in part by her failure to sufficiently exhaust her administrative remedies.

4.     Plaintiff's claims are barred in whole or in part by the applicable statute(s) of limitations.

5.     Plaintiff's claims are barred in whole or in part due to her lack of standing to assert them.

6.      Plaintiff's claims are barred in whole or in part by the doctrine of primary jurisdiction.

### AFFIRMATIVE DEFENSES TO THE NINTH CLAIM FOR RELIEF

1.      Plaintiff has failed to state a claim upon which relief can be granted.

2.      Plaintiff has failed to sufficiently state a claim upon which exemplary or punitive damages can be awarded.

3.      Plaintiff's claims are barred in whole or in part by her failure to sufficiently exhaust her administrative remedies.

4.      Plaintiff's claims are barred in whole or in part by the applicable statute(s) of limitations.

5.      Plaintiff's claims are barred in whole or in part due to her lack of standing to assert them.

6.      Plaintiff's claims are barred in whole or in part by the doctrine of primary jurisdiction.

### AFFIRMATIVE DEFENSES TO THE TENTH CLAIM FOR RELIEF

1.      Plaintiff has failed to state a claim upon which relief can be granted.

2.      Plaintiff has failed to sufficiently state a claim upon which exemplary or punitive damages can be awarded.

3.      Plaintiff's claims are barred in whole or in part by her failure to sufficiently exhaust her administrative remedies.

4.      Plaintiff's claims are barred in whole or in part by the applicable statute(s) of limitations.

5.      Plaintiff's claims are barred in whole or in part due to her lack of standing to assert them.

6.     Plaintiff's claims are barred in whole or in part by the doctrine of primary jurisdiction.

## AFFIRMATIVE DEFENSES TO THE ELEVENTH CLAIM FOR RELIEF

1.     Plaintiff has failed to state a claim upon which relief can be granted.

2.     Plaintiff has failed to sufficiently state a claim upon which exemplary or punitive damages can be awarded.

3.     Plaintiff's claims are barred in whole or in part by her failure to sufficiently exhaust her administrative remedies.

4.     Plaintiff's claims are barred in whole or in part by the applicable statute(s) of limitations.

5.     Plaintiff's claims are barred in whole or in part by the doctrine of primary jurisdiction.

6.     Even if Plaintiff's sex was a factor in the decisions she alleges were discriminatory, and UConn categorically denies such was the case, the same decisions would have been made for legitimate and non-discriminatory reasons.

7.     To the extent Plaintiff was subjected to a discriminatorily hostile environment, and UConn categorically denies such was the case, UConn is not liable for such harassment because: (1) it exercised reasonable care to prevent and promptly correct the harassment; and (2) Plaintiff unreasonably failed to take advantage of the corrective or preventive opportunities UConn provided, or to avoid harm otherwise.

8.     Plaintiff failed to mitigate her alleged damages, any entitlement to which is expressly denied.

## AFFIRMATIVE DEFENSES TO THE TWELFTH CLAIM FOR RELIEF

1.     Plaintiff has failed to state a claim upon which relief can be granted.

2.    Plaintiff has failed to sufficiently state a claim upon which exemplary or punitive damages can be awarded.

3.    Plaintiff's claims are barred in whole or in part by her failure to sufficiently exhaust her administrative remedies.

4.    Plaintiff's claims are barred in whole or in part by the applicable statute(s) of limitations.

5.    Plaintiff's claims are barred in whole or in part by the doctrine of primary jurisdiction.

6.    Even if Plaintiff's alleged protected activity was a factor in the decisions she alleges were discriminatory, and UConn categorically denies such was the case, the same decisions would have been made for legitimate, non-discriminatory, and non-retaliatory reasons.

7.    To the extent Plaintiff was subjected to a discriminatorily hostile environment, and UConn categorically denies such was the case, UConn is not liable for such harassment because: (1) it exercised reasonable care to prevent and promptly correct the harassment; and (2) Plaintiff unreasonably failed to take advantage of the corrective or preventive opportunities UConn provided, or to avoid harm otherwise.

8.    Plaintiff failed to mitigate her alleged damages, any entitlement to which is expressly denied.

## AFFIRMATIVE DEFENSES TO THE THIRTEENTH CLAIM FOR RELIEF

1.    Plaintiff has failed to state a claim upon which relief can be granted.

2.    Plaintiff has failed to sufficiently state a claim upon which exemplary or punitive damages can be awarded.

3.    Plaintiff's claims are barred in whole or in part by her failure to sufficiently exhaust her administrative remedies.

4.     Plaintiff's claims are barred in whole or in part by the applicable statute(s) of limitations.

5.     Plaintiff's claims are barred in whole or in part by the doctrine of primary jurisdiction.

6.     Even if Plaintiff's sex was a factor in the decisions she alleges were discriminatory, and UConn categorically denies such was the case, the same decisions would have been made for legitimate and non-discriminatory reasons.

7.     To the extent Plaintiff was subjected to a discriminatorily hostile environment, and UConn categorically denies such was the case, UConn is not liable for such harassment because: (1) it exercised reasonable care to prevent and promptly correct the harassment; and (2) Plaintiff unreasonably failed to take advantage of the corrective or preventive opportunities UConn provided, or to avoid harm otherwise.

8.     Plaintiff failed to mitigate her alleged damages, any entitlement to which is expressly denied.

## AFFIRMATIVE DEFENSES TO THE FOURTEENTH CLAIM FOR RELIEF

1.     Plaintiff has failed to state a claim upon which relief can be granted.

2.     Plaintiff has failed to sufficiently state a claim upon which exemplary or punitive damages can be awarded.

3.     Plaintiff's claims are barred in whole or in part by her failure to sufficiently exhaust her administrative remedies.

4.     Plaintiff's claims are barred in whole or in part by the applicable statute(s) of limitations.

5.     Plaintiff's claims are barred in whole or in part by the doctrine of primary jurisdiction.

6.      Even if Plaintiff's alleged protected activity was a factor in the decisions she alleges were discriminatory, and UConn categorically denies such was the case, the same decisions would have been made for legitimate, non-discriminatory, and non-retaliatory reasons.

7.      To the extent Plaintiff was subjected to a discriminatorily hostile environment, and UConn categorically denies such was the case, UConn is not liable for such harassment because: (1) it exercised reasonable care to prevent and promptly correct the harassment; and (2) Plaintiff unreasonably failed to take advantage of the corrective or preventive opportunities UConn provided, or to avoid harm otherwise.

8.      Plaintiff failed to mitigate her alleged damages, any entitlement to which is expressly denied.

### AFFIRMATIVE DEFENSES TO THE FIFTEENTH CLAIM FOR RELIEF

1.      Plaintiff has failed to state a claim upon which relief can be granted.

2.      Plaintiff has failed to sufficiently state a claim upon which exemplary or punitive damages can be awarded.

3.      Plaintiff's claims are barred in whole or in part by her failure to sufficiently exhaust her administrative remedies.

4.      Plaintiff's claims are barred in whole or in part by the applicable statute(s) of limitations.

5.      Plaintiff's claims are barred in whole or in part by the doctrine of primary jurisdiction.

6.      Even if Plaintiff's sex was a factor in the decisions she alleges were discriminatory, and UConn categorically denies such was the case, the same decisions would have been made for legitimate and non-discriminatory reasons.

7.    To the extent Plaintiff was subjected to a discriminatorily hostile environment, and UConn categorically denies such was the case, UConn is not liable for such harassment because: (1) it exercised reasonable care to prevent and promptly correct the harassment; and (2) Plaintiff unreasonably failed to take advantage of the corrective or preventive opportunities UConn provided, or to avoid harm otherwise.

8.    Plaintiff failed to mitigate her alleged damages, any entitlement to which is expressly denied.

## AFFIRMATIVE DEFENSES TO THE SIXTEENTH CLAIM FOR RELIEF

1.    Plaintiff has failed to state a claim upon which relief can be granted.

2.    Plaintiff has failed to sufficiently state a claim upon which exemplary or punitive damages can be awarded.

3.    Plaintiff's claims are barred in whole or in part by her failure to sufficiently exhaust her administrative remedies.

4.    Plaintiff's claims are barred in whole or in part by the applicable statute(s) of limitations.

5.    Plaintiff's claims are barred in whole or in part by the doctrine of primary jurisdiction.

6.    Even if Plaintiff's alleged protected activity was a factor in the decisions she alleges were discriminatory, and UConn categorically denies such was the case, the same decisions would have been made for legitimate, non-discriminatory, and non-retaliatory reasons.

7.    To the extent Plaintiff was subjected to a discriminatorily hostile environment, and UConn categorically denies such was the case, UConn is not liable for such harassment because: (1) it exercised reasonable care to prevent and promptly correct the harassment; and (2)

Plaintiff unreasonably failed to take advantage of the corrective or preventive opportunities UConn provided, or to avoid harm otherwise.

8.     Plaintiff failed to mitigate her alleged damages, any entitlement to which is expressly denied.

## AFFIRMATIVE DEFENSES TO THE SEVENTEENTH CLAIM FOR RELIEF

1.     Plaintiff has failed to state a claim upon which relief can be granted.

2.     Plaintiff has failed to sufficiently state a claim upon which exemplary or punitive damages can be awarded.

3.     Plaintiff's claims are barred in whole or in part by her failure to sufficiently exhaust her administrative remedies.

4.     Plaintiff's claims are barred in whole or in part by the applicable statute(s) of limitations.

5.     Plaintiff's claims are barred in whole or in part by the doctrine of primary jurisdiction.

6.     Even if Plaintiff's sex was a factor in the decisions she alleges were discriminatory, and UConn categorically denies such was the case, the same decisions would have been made for legitimate and non-discriminatory reasons.

7.     To the extent Plaintiff was subjected to a discriminatorily hostile environment, and UConn categorically denies such was the case, UConn is not liable for such harassment because: (1) it exercised reasonable care to prevent and promptly correct the harassment; and (2) Plaintiff unreasonably failed to take advantage of the corrective or preventive opportunities UConn provided, or to avoid harm otherwise.

8.     Plaintiff failed to mitigate her alleged damages, any entitlement to which is expressly denied.

## AFFIRMATIVE DEFENSES TO THE EIGHTEENTH CLAIM FOR RELIEF

1.     Plaintiff has failed to state a claim upon which relief can be granted.

2.     Plaintiff has failed to sufficiently state a claim upon which exemplary or punitive damages can be awarded.

3.     Plaintiff's claims are barred in whole or in part by her failure to sufficiently exhaust her administrative remedies.

4.     Plaintiff's claims are barred in whole or in part by the applicable statute(s) of limitations.

5.     Plaintiff's claims are barred in whole or in part by the doctrine of primary jurisdiction.

6.     Even if Plaintiff's alleged protected activity was a factor in the decisions she alleges were discriminatory, and UConn categorically denies such was the case, the same decisions would have been made for legitimate, non-discriminatory, and non-retaliatory reasons.

7.     To the extent Plaintiff was subjected to a discriminatorily hostile environment, and UConn categorically denies such was the case, UConn is not liable for such harassment because: (1) it exercised reasonable care to prevent and promptly correct the harassment; and (2) Plaintiff unreasonably failed to take advantage of the corrective or preventive opportunities UConn provided, or to avoid harm otherwise.

8.     Plaintiff failed to mitigate her alleged damages, any entitlement to which is expressly denied.

Respectfully submitted,

WIGGIN AND DANA LLP

/s/ Mary A. Gambardella
Mary A. Gambardella (ct05386)
mgambardella@wiggin.com
Joseph W. Martini (ct07225)
jmartini@wiggin.com
Aaron S. Bayer (ct12725)
abayer@wiggin.com
281 Tresser Blvd., 7th Floor
Stamford, CT 06901
Telephone: (203) 363-7662
Fax: (203) 363-7676

Attorneys for Defendant,
UNIVERSITY OF CONNECTICUT

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2014, a copy of the foregoing Answer and Affirmative Defenses of the University of Connecticut to Plaintiffs' Second Amended Complaint was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Mary A. Gambardella
Mary A. Gambardella (ct05386)
Wiggin and Dana LLP
2 Stamford Plaza
281 Tresser Boulevard, 7th Floor
Stamford, CT 06901
Phone: (203) 363-7662
Fax: (203) 363-7676
mgambardella@wiggin.com

22961/3/3055305.1

50